**COMPLAINT**
JOHN P. SANDE, ESQ.
Nevada Bar No. 9175
john@sandelawgroup.com
SANDE LAW GROUP
50 W. Liberty St., Ste 207
Reno, Nevada 89501
Telephone: (775) 235-4222
Fax: (702) 997-0038
*Attorney for Green Solutions Recycling, LLC.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GREEN SOLUTIONS RECYCLING, LLC.,<br><br>        Plaintiff,<br><br>   v s .<br><br>REFUSE, INC.; RENO DISPOSAL COMPANY, INC.; WASTE MANAGEMENT OF NEVADA, INC.; CITY OF RENO, and DOES 1-10; et al.<br><br>        Defendants. | Case No.:    3:16-CV-334<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |

**COMPLAINT**

COMES NOW Plaintiff, Green Solutions Recycling, LLC, ("**Plaintiff**"), by and through its attorney of record, John Sande IV, of Sande Law Group, a Professional Law Corporation, complains and alleges as follows:

**Introduction**

1.  Green Solutions Recycling, LLC ("**GSR**"), brings this action against Refuse, Inc. ("**Refuse**"), Reno Disposal Company, Inc., Waste Management of Nevada Inc., ("**Waste Management**") and the City of Reno (the "**City**") for entering into agreements seeking to restrain trade in violation of (1) Section 1 of the Sherman Antitrust Act; (2) the Commerce

1

Clause in the 14th Amendment of the United States Constitution; (3) the Nevada Unfair Competition Law; and for Tortious Interference with a Contractual Relationship.

2.   Pursuant to these agreements, the City, Refuse, Reno Disposal and Waste Management of Nevada Inc., sought to limit competition and fix prices for the collection and repossessing of recyclable materials in the City.

3.   The agreements are a naked restraint of trade and are per se unlawful under Section 1 of the Sherman Act, 15 U.S.C. § 1.  It also violates Nevada's Unfair Competition laws.

4.   The Defendants have threatened sanctions and imposed fees against customers of Plaintiff thereby stifling Plaintiff's ability to conduct business.

5.   As a direct result of Defendants' conduct, Plaintiff has and continues to suffer irreparable harm.

## Parties

6.   Plaintiff, GSR, is a Nevada limited liability company with its principal place of business in Washoe County, Nevada.

7.   Based on information and belief, Refuse, Inc. is a Nevada corporation with its principal place of business in Washoe County, Nevada. Based on information and belief, Refuse, Inc., is a corporate affiliate of Waste Management of Nevada, Inc.

8.   Based on information and belief, Reno Disposal Co., is a Nevada corporation with its principal place of business in Washoe County. Based on information and belief, Reno Disposal Co., is a corporate affiliate of Waste Management of Nevada, Inc.

9.   Based on information and belief, Waste Management of Nevada, Inc., is a Nevada corporation engaged in business in Nevada.

10. The City of Reno is a municipality of the state of Nevada.

**Jurisdiction and Venue**

11. This complaint alleges violations of the Sherman Act, 15 U.S.C. § 1.  It is filed under, and jurisdiction is conferred upon this Court by Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 16.  The Plaintiff also alleges violations of State antitrust, consumer protection, and/or unfair competition and related laws, and seeks civil penalties, and/or equitable relief under those State laws.  All claims under federal and state law are based upon a common nucleus of operative facts, and the entire action commenced by this Complaint constitutes a single case that would ordinarily be tried in one judicial proceeding.

12. The Court further has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1337.  The Court has jurisdiction over the state claims under 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

13. Venue is proper in this District under 15 U.S.C. §§ 22 and 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims arose in the District.

14. The activities of the Defendants, as further described herein, were within the flow of, were intended to, and did have a substantial effect on the foreign and interstate commerce of the United States.

**General Allegations**

15. In or about 1973, the Nevada Legislature passed what became codified as Nevada Revised Statute ("NRS") 268.081, titled Displacement or limitation of competition: Services.

16. NRS 268.081 authorizes certain local governments, including the City of Reno, to displace or limit competition of certain services including the collection and disposal of garbage and other waste.

17. NRS 268.081 does not include the collection of recyclable material as a service that the City is authorized to displace or limit competition.

18. The Nevada Legislature subsequently amended NRS 2068.081 in 1985, 1989, 2005 and 2009 and each time chose not to include the collection of recyclable material as a service that the City is authorized to displace or limit competition.

19. On November 7, 2012, the City entered into an Exclusive Service Area Franchise Agreements for Commercial Solid Waste and Recyclable Materials with Reno Disposal Company Inc.

20. The City of Reno did not have the authority to enter into Franchise with regard to the collection or purchase of recyclable material.

21. Subsequent to entering into the unlawful franchise agreements, Defendants have intentionally engaged in unlawful acts designed to harm and ultimately destroy the business of the Plaintiff by actively preventing Plaintiff from seeking or servicing clients for the collection of recyclable material.

22. The Defendants' agents and employees have made and continue to make misleading statements to customers or prospective customers of Plaintiffs in an effort to intimidate said customers.

23. On or about April 12, 2016 one such customer, Assistance League of Reno-Sparks received an email from an "Account Manager" of Waste Management stating in relevant part: "The two green solutions containers that you have on site are not permitted within the City of Reno. Waste Management has a franchise agreement with Reno and we are the only permitted haulers for you MSW and single stream recycling. I noticed one of the containers said 'cardboard only'. Are you receiving a refund for the cardboard commodity? If you are not, that is considered single stream and only WM is allowed to haul it."

24. On or about April 25, 2016 the City of Reno sent a letter to Plaintiffs which accused the Plaintiffs of operating in violation of the Franchise Agreement and as a result could face fines and other penalties.

4

25. Defendants' actions have irreparably damaged Plaintiff and will continue to do so if not enjoined.

## FIRST CLAIM FOR RELIEF

### (Contract, Combination or Conspiracy in Restraint of Trade Under Section 1 of the Sherman Antitrust Act, 15 U.S.C.§ 1)

26. Plaintiff incorporates by reference as fully set forth here the allegations in all the foregoing paragraphs of this Complaint. The allegations contained in the preceding paragraphs of this complaint and incorporate them by reference as fully set forth here.

27. For the purposes of this cause of action, the relevant geographic market is the City of Reno.

28. As described above, on or about November 7, 2012, the Defendants entered into agreements that displace and limit competition without any legal authority to do so, and thus are in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. section 1.

29. Plaintiff is informed and believes that by so conspiring and agreeing Defendants Refuse Inc., Reno Disposal Company, Waste Management of Nevada, and the City of Reno have engaged in anti-competitive processes, that have perpetuated a monopoly, unreasonably restrained trade, and harmed competition in the above-defined geographic and product market, to the detriment of business and consumers, and in violations of Section 1 of the Sherman Antitrust Act, 15 U.S.C. section 1;

30. Plaintiff is informed and believes that Waste Management knew and intended that the result of their anti-competitive and illegal actions would be to acquire and perpetuate a monopoly, unreasonably restrain trade, and harm competition, businesses, and consumers, as more specifically alleged in paragraphs above;

31. Defendants' actions have forced other competitors to withdraw from the Relevant Market, have caused some consumers to cease or avoid doing business with Plaintiff and have raised barriers to entry in the Relevant Market.

32. Defendants' unlawful agreement injured or will injure competition in the Relevant Market and proximately caused or will cause Plaintiff economic loss and damages. This

damage by reason of reduced competition, injury to competition, reduced consumer choice and decreased consumer service, is the type of injury anti-trust laws were intended to prevent. Plaintiff has thus suffered and will continue to suffer anti-trust injury.

33.    Because of the anti-competitive and illegal actions by the Defendants, an unreasonable restraint of trade has occurred to which Plaintiffs are entitled to preliminary injunctive relief.

34.    As a further direct and proximate cause of Defendants' actions, Plaintiff has incurred attorney's fees and costs in pursuing their claims, and is entitled to recover those reasonable costs and fees pursuant to 15 U.S.C. section 15(a).

**SECOND CLAIM FOR RELIEF**

**U.S. Const. Article I, Section 8, Commerce Clause: Violation of 42 U.S.C. § 1983**

35.    Plaintiff incorporates by reference as fully set forth here the allegations in all the foregoing paragraphs of this Complaint the allegations contained in the preceding paragraphs of this Complaint and incorporate them by reference as fully set forth here;

36.    The Agreements entered into by the Defendants improperly burdens or discriminates against interstate commerce and thus is invalid pursuant to the Commerce Clause of the United States Constitution, Article 1, Section 8 and therefore violates the same.

37.    That the course of conduct described herein, taken under the color of state and local law is unlawful.

38.    By virtue of the City's intention to undertake such unlawful conduct, Plaintiff is entitled to relief.

**THIRD CLAIM FOR RELIEF**

**(Nevada Unfair Trade Practice Act)**

39.    Plaintiff incorporates by reference as fully set forth here the allegations in all the foregoing paragraphs of this Complaint the allegations contained in the preceding paragraphs of this Complaint and incorporate them by reference as fully set forth here;

6

40. By their actions stated above, Defendants violated the Nevada Unfair Trade Practices Act, N.R.S. § 598A.060.

41. The Nevada Unfair Trade Practices Act is construed in conformity with federal antitrust laws.

42. Defendants' violation of the Nevada Unfair Trade Practices Act has caused or will cause injury to Plaintiff.

43. Plaintiff is entitled to damages for Defendants' violation of the Nevada Unfair Trade Practices Act, in an amount to be demonstrated.


## FOURTH CLAIM FOR RELIEF

### (Tortious Interference with Contractual Relationship)

44. Plaintiff incorporates by reference as fully set forth here the allegations in all the foregoing paragraphs of this Complaint the allegations contained in the preceding paragraphs of this Complaint and incorporate them by reference as fully set forth here;

45. Plaintiff has or had a valid and existing contractual relationship with various clients, including the Assistance League of Reno-Sparks.

46. Waste Management and the City of Reno and have known of the foregoing contractual relationship since at least April 12, 2016.

47. Waste Management and the City of Reno have engaged in conduct designed to or intended to disrupt the contractual relationship between Plaintiff and its identified client.

48. Without limitation, Waste Management and the City of Reno have engaged in conduct designed to or intended to disrupt the contractual relationship between Plaintiff and its identified client by unlawfully intimidating and threatening legal action against them.

49. As a proximate cause of Waste Management and the City of Reno's tortious interference with the Plaintiff's contractual relationships, Plaintiff has sustained injury which will be irreparable absent the entry of a preliminary injunction.

WHEREFORE Plaintiff GSR prays for judgment as follows:

1. Injunctive relief the Court deems proper according to the evidence;

2. Judgment in their favor and against the named Defendants, according to the evidence;

3. An award of damages in their favor and against the named Defendants according to the evidence;

4. A declaration of the parties' rights and obligations;

5. An award of interest, costs and attorney's fees; and

6. Such further relief as the Court deems proper.

## **AFFIRMATION**

The undersigned does hereby affirm that the preceding document Complaint, filed in the United States District Court for the District of Nevada, does not contain the social security number of any person.

Dated this 16th day of June, 2016

SANDE LAW GROUP


By:   _____
John P. Sande, Esq.
Nevada Bar No. 9175
50 W. Liberty St., Ste 207
Reno, Nevada 89501
Telephone: (775) 235-4222
Fax: (702) 997-0038
*Attorney for Green Solutions Recycling*

## **CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **COMPLAINT** by the method indicated:

_____ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

_____ **BY E-MAIL:** by transmitting via e-mail the document(s) listed above to the e-mail addresses set forth below and/or included on the Court's Service List for the above-referenced case.

_____ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

_____ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

__X__ **BY PERSONAL DELIVERY:** by causing personal delivery via messenger service of the document(s) listed above to the person(s) at the address(es) set forth below.

_____ **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

and addressed to the following:

Refuse, Inc.
701 South Carson Street
Suite 200
Carson City, Nevada 89701

Reno Disposal Company, Inc.
701 South Carson Street
Suite 200
Carson City, Nevada 89701

Waste Management of Nevada, Inc.
701 South Carson Street
Suite 200
Carson City, Nevada 89701

City of Reno
1 East First Street
Reno, Nevada 89501

1

2      Dated this 16th day of June, 2016

3                                    _____

4                                    An employee of Sande Law Group

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25