UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| GREEN SOLUTIONS RECYCLING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>REFUSE, INC.; RENO DISPOSAL COMPANY, INC.; WASTE MANAGEMENT OF NEVADA, INC.; CITY OF RENO; and DOES 1-10; *et al.*<br><br>Defendants. | Case No. 3:16-cv-00334-MMD-VPC<br><br>ORDER |
|---|---|

Plaintiff Green Solutions Recycling, LLC ("GSR"), a Nevada limited liability company, initiates this action against the City of Reno and three Nevada corporations alleging that Defendants entered into exclusive garbage disposal contracts, thereby restraining trade in violation of both federal and state law. (ECF No. 1.)

GSR asserts that this Court has federal question jurisdiction under the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, and the Commerce Clause, U.S. CONST., art. I, § 8. After reviewing the complaint, it appears from the factual allegations that this case concerns a local dispute among the City of Reno and Nevada companies and does not affect or implicate interstate commerce. This Court therefore questions whether it has subject matter jurisdiction over this case. *See McLain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232, 232-33 (1980) ("To establish jurisdiction under the Sherman Act, a plaintiff must allege the relationship between the activity involved and some aspect of interstate commerce and . . . if [the activity] is local in nature, that it has [a substantial]

effect on some other appreciable activity demonstrably in interstate commerce."); *see also City of Los Angeles v. County of Kern*, 581 F.3d 841 (9th Cir. 2009) (holding that recyclers lacked prudential standing to bring claim asserting that county ordinance violated the dormant Commerce Clause because the purpose of the dormant Commerce Clause was to limit power to states to erect barriers against interstate trade, recyclers' alleged injury was not even marginally related to interests Clause sought to safeguard, and ordinance did not burden recyclers' protected interest in the interstate waste market).

It is the plaintiff's burden to establish subject matter jurisdiction. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). However, it does not appear that GSR has met its burden based on the bare allegation that Defendants' conduct has had an impact on interstate trade.

It is therefore ordered that GSR respond to this Order to state why this Court has subject matter jurisdiction over the Sherman Antitrust Act and Commerce Clause claims. GSR must file the response within ten (10) days of the date of this Order. Defendants will then have seven (7) days from that date to respond.

DATED THIS 16th day of February 2017

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE