UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GREEN SOLUTIONS RECYCLING, LLC,

Plaintiff,

v.

REFUSE, INC.; RENO DISPOSAL COMPANY, INC.; WASTE MANAGEMENT OF NEVADA, INC.; CITY OF RENO; and DOES 1-10; *et al.*

Defendants.

Case No. 3:16-cv-00334-MMD-VPC

ORDER

## I. SUMMARY

Plaintiff Green Solutions Recycling, LLC ("GSR") initiates this action against the City of Reno ("the City") and three Nevada companies,[1] alleging that Defendants entered into an exclusive franchise agreement limiting competition and fixing prices for the collection of recyclable materials, thereby restraining trade in violation of both federal and state law. (ECF No. 1.) The Court ordered GSR to show cause as to why the Court has subject matter jurisdiction over the federal claims, given that the allegations appear to involve a local dispute among the City and Nevada companies and does not implicate interstate commerce. (ECF No. 35.) The Court has reviewed GSR's response ("Plaintiff's Response") (ECF No. 38), as well as Defendants' response and joinder (ECF Nos. 45,

[1]The private party defendants are Refuse, Inc. ("Refuse"), Reno Disposal Company, Inc. ("RDC") and Waste Management of Nevada, Inc. ("WMN"), who are alleged to be Nevada entities. (ECF No. 1 at 2.)

46).[2] The Court finds that GSR has satisfied the Court's Order — Defendants' alleged conduct under GSR's theory as explained in GSR's Response implicates interstate commerce. Accordingly, the Court will address the pending motions.

Before the Court are Plaintiff's Motion for Preliminary Injunction ("Plaintiff's Motion") (ECF No. 2) and Defendants' Motion to Dismiss ("Defendants' Motion") (ECF No. 15). Because the Court will grant Defendants' Motion, the Court denies Plaintiff's Motion as moot.

## II. BACKGROUND

The following facts are taken primarily from the Complaint.

NRS § 268.081 permits local governments to displace or limit competition of certain services, including the collection and disposal of waste, but not the collection of "recyclable materials." (ECF No. 1 at 3.) On November 7, 2012, the City entered into an Exclusive Service Area Franchise Agreement for Commercial Solid Waste and Recycle Materials with Defendant RDC ("Franchise Agreement").[3] (ECF No. 1 at 4.) The City did not have the statutory authority under NRS § 268.081 to enter into the Franchise Agreement with respect to "the collection or purchase of recycle material." (*Id.*) In April 2016, WMN communicated with one of GSR's customers about the Franchise Agreement and the fact that only WMN was permitted to haul recycling containers. (*Id.*) Shortly thereafter, the City accused GSR of operating in violation of the Franchise Agreement. (*Id.*) According to GSR, Defendants have attempted to interfere and destroy its business by preventing GSR

///

///

---

[2]Defendants do not appear to dispute GSR's contention that limiting competition on recyclable materials as characterized in GSR's opposition to Defendants' Motion and Plaintiff's Response implicates interstate commerce. Defendants, however, argue with GSR's definition of recyclable materials and challenge GSR's prudential standing. (ECF No. 45.)

[3]The Complaint references "Franchise Agreements" but it appears from Defendants' Motion and Plaintiff's opposition that the allegations here involve only a single Franchise Agreement between the City and RDC. (ECF No. 15 at 3; ECF No. 15-1; ECF No. 20 at 2.)

from "seeking or servicing clients for the collection of recyclable material.[4]" (*Id.*) Based on these allegations, GSR asserts claims for violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 ("the Act") and the Commerce Clause of the United States Constitution, and two state law claims. (*Id.* at 5-7.)

## III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 678. Where the complaint fails to

---

[4]This is the only indirect allegation in the Complaint as to the nature of GSR's business. GSR did assert in its opposition that "[s]ince 2006, GSR has been in the private recycling business in the Reno market." (ECF No. 20 at 2.)

"permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

## IV. DISCUSSION

### A. Claims Against WMN and Refuse

Plaintiff's claims are based on the contention that the Franchise Agreement covers the collection of recycle materials that is not within the statutory definition of "waste." (ECF No. 20 at 5-7.) The Franchise Agreement is between the City and RDC. (ECF No. 1 at 4.) Plaintiff fails to assert specific allegations as to WMN and Refuse, but generally lump them together with the other Defendants. Plaintiff argues that Refuse and RDN are wholly owned subsidiaries of WMN and Plaintiff names them because of the lack of information as to which employees or agents of these companies has engaged in the activities alleged in the Complaint. (ECF No. 20 at 4.) However, these Defendants have their own corporate identity, and the Complaint does not assert any allegations to support proceeding on an alter ego theory. Moreover, the Complaint contains only conclusory allegations as to WM and Refuse, which are not sufficient for the Court to reasonably infer more than a mere possibility of misconduct with respect to these two Defendants. The Court agrees with WMN and Refuse that the Complaint fails to state a claim against them. Claims against WMN and Refuse will be dismissed without prejudice and with leave to amend.

### B. First Claim for Relief: Violation of the Act

The parties do not dispute that the Act is not implicated where the displacement or limitation on competition involves the services covered under NRS § 268.081. (ECF No. 15 at 8-9; ECF No. 20 at 5.) GSR readily acknowledges that the City has "authority to

displace competition for the collection of recyclable materials that are treated as waste." (ECF No. 20 at 5.) GSR argues, however, that "recyclable materials that are not discarded but rather are sold" are not "waste" within the meaning of NRS § 268.081 and cannot be subject to the Franchise Agreement without violating the Act.[5] (*Id.* at 6.) Defendants counter that GSR's proposed construction would require the Court to determine the waste generator's intent. (ECF No. 27 at 9-11.) Defendants also argue that materials are "waste" if there is a negative cost to have the materials removed, and the Franchise Agreement does not cover materials that are segregated and sold for profit. (*Id.* at 5-8.) Defendants argue in the alternative that 268.081(11) covers recyclable waste materials.

GSR's arguments fall short because the claim as characterized in GSR's opposition is not the claim raised in the Complaint. The Complaint does not allege that the Franchise Agreement displaces or limits competition over the collection of recyclable materials that are not discarded as waste. Instead, the Complaint alleges that the City "did not have authority to enter into the Franchise with regard to the collection or purchase of recyclable material." (ECF No. 1 at 4.) The distinction that GSR draws in its opposition is not readily apparent in its Complaint, despite GSR's protest that this allegation does not say what it actually says. (ECF No. 20 at 5.) In other words, the Complaint does not convey what GSR states in its opposition — "that recyclable materials that are *treated as waste* are not in fact 'recyclable materials' but rather are 'other waste' pursuant to NRS 268." (ECF No. 20 at 5 (emphasis in original).) GSR apparently meant to allege that the City did not have authority to displace or limit competition for the collection of recyclable materials that are not treated as waste. However, as Defendants point out, the Complaint is based on the general allegation that the City limits competition in violation of the Act by granting the exclusive Franchise Agreement for the collection of recyclable materials. The Complaint makes no distinction between recyclable materials that are discarded and recyclable

///

---

[5]NRS § 268.081(3) provides in pertinent part that a city may displace or limit competition in the "[c]ollection and disposal of garbage and other waste."

materials that are sold. The Complaint does not even allege the nature of GSR's business, what it purportedly collects and how the "recyclable materials" it collects "are not discarded but rather are sold." (ECF No. 20 at 6.) In fact, the Complaint does not even allege that GSR is in the business of collecting recyclable materials, let alone the type of recyclable materials that GSR claims is excluded from NRS 268;081(3)'s definition of "other waste." The Complaint is devoid of any allegations to support GSR's theory of liability — that the recyclable materials it collects are not waste under NRS 268.081(3) for which the City may limit competition. As alleged, the Complaint fails to allege sufficient facts to entitle GSR to relief under the Act.

The Court will dismiss the first claim for relief with leave to amend. Based on GSR's opposition and response to the Order to Show Cause, the Court cannot at this point find that amendment will be futile.

### C. Second Claim for Relief: Violation of the Commerce Clause

A claim for violation of the dormant Commerce Clause requires a showing that the offending conduct "discriminates against interstate commerce." *See C &A Carbone, Inc. v. Town of Clarkstown, New York,* 511 U.S. 383, 390 (1994).

Defendants argue that the Complaint does not allege any burden on interstate commerce. (ECF No. 15 at 21-21.) Plaintiff points to paragraph 36 of the Complaint, which alleges that "[T]he Agreements entered into by Defendants improperly burdens or discriminates against interstate commerce and thus is invalid pursuant to the Commerce Clause . . ." (ECF No. 20 at 12, citing ECF No. 1 at 6, ¶ 36.) Such general recitation of the legal requirement for establishing a claim is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. In fact, the Complaint makes no allegations that the Franchise Agreement affects interstate commerce, let alone how the Agreement burdens interstate commerce.[6] The Court will dismiss this claim with leave to amend.

[6]While the Court finds that Plaintiff has satisfied the Order to show cause based on Plaintiff's Response, Plaintiff's Response cannot cure the factual and legal deficiencies of its pleadings.

**D. State Law Claims**

Because the Court dismisses the federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c). Defendants' Motion to dismiss the state law claims will be denied as moot.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the parties' Motions.

It is therefore ordered that Defendants' Motion to Dismiss (ECF No. 15) is granted in part and denied in part. It is granted with respect to Plaintiff's claims against Refuse, Inc. and Waste Management of Nevada, Inc. and Plaintiff's two federal claims. It is denied as moot with respect to the two state law claims.

It is ordered that Plaintiff's Motion for Preliminary Injunction (ECF No. 2) is denied as moot.

Plaintiff is given leave to amend its Complaint, should Plaintiff wish to proceed and cure the deficiencies of its claims. Plaintiff must file an amended complaint within thirty (30) days. Failure to do so will result in dismissal of the federal claims and the claims against Refuse and WMN with prejudice.

DATED THIS 27th day of March 2017

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE